**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jesus Rodriguez Rodriquez,<br><br>    Plaintiff<br><br>v.<br><br>Charles Daniels, NDOC Director, et al.,<br><br>    Defendant. | Case No. 2:22-cv-01651-MMD-MDC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME (ECF NO. 32)**<br><br>**AND**<br><br>**REFERRAL TO PRO BONO PROGRAM** |

This is a medical indifference case. Plaintiff Jesus Rodriguez Rodriquez is incarcerated High Desert State Prison. Plaintiff alleges that he requested medical treatment at HDSP, but his request was ignored, leading to a loss of sight in his right eye. *ECF No. 3*. The defendants have filed a motion for summary judgment. *ECF No. 22*. Plaintiff argues in the instant *Motion for an Extension of Time* ("Motion") that he is nearly blind and does not speak English.[1] *ECF No. 32*. The district judge referred several of the issues the plaintiff raises in his Motion to the undersigned. *ECF No. 33*. Plaintiff asks for assistance from bilingual pro bono counsel. The Court grants the request.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light

---

[1] Plaintiff is being temporarily assisted by another inmate who is acting as a scrivener for plaintiff.

of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In its screening order, the Court found that the complaint states multiple colorable claims. In considering plaintiff's colorable claims, and the fact that the Court is concerned that plaintiff will not be able to adequately respond to the motion for summary judgment given that he is nearly blind and cannot speak English, the Court finds that this case presents exceptional circumstances that warrant appointment of counsel.

This case is referred to the Pro Bono Program adopted in the Third Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Mr. Rodriquez. The Court requests either bilingual (Spanish speaking) counsel, or counsel with staff that can assist with translation. The scope of appointment will be for all purposes through the conclusion of trial. By referring this case to the Pro Bono Program, the Court is not expressing an opinion as to the merits of the case.

Accordingly,

**IT IS ORDERED** that:

1. This case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.
2. The Clerk forwards this order to the Pro Bono Liaison.
3. The plaintiff's *Motion for an Extension of Time (ECF No. 32)* is GRANTED.

DATED May 21, 2025.

                                                      _____
                                                      Hon. Maximiliano D. Couvillier III
                                                      United States Magistrate Judge