UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESUS RODRIGUEZ RODRIQUEZ,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>CHARLES DANIELS, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:22-cv-01651-MMD-MDC<br><br>ORDER |

Plaintiff Jesus Rodriguez Rodriquez, who is incarcerated in the custody of the Nevada Department of Corrections, submitted a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) The Court permitted an Eighth Amendment claim for deliberate indifference to serious medical needs to proceed past screening. (ECF No. 3 at 6.) Before the Court are Defendants' motion for summary judgment (ECF No. 22 ("Motion")) and accompanying motion to seal some of Rodriquez's medical records attached to the Motion (ECF No. 23). Because United States Magistrate Judge Maximiliano D. Couvillier, III recently referred this case to the Court's Pro Bono Program ("Program") (ECF No. 36), Rodriquez has not yet responded to the Motion, and as further explained below, the Court will deny the Motion without prejudice to refiling once pro bono counsel is appointed or Defendants receive notice that the Court is unable to locate pro bono counsel. The Court will also grant the motion to seal.

The Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. And "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin.*, 579 U.S. 40, 47 (2016).

///

It would be quicker to analyze Defendants' pending Motion as unopposed, but that would not be just. In deciding to refer this case to the Program, Judge Couvillier noted, "that plaintiff will not be able to adequately respond to the motion for summary judgment given that he is nearly blind and cannot speak English" and thus found "that this case presents exceptional circumstances that warrant appointment of counsel." (ECF No. 36 at 2.) The Court accordingly exercises its inherent authority consistent with securing a just resolution to this case to deny Defendants' Motion without prejudice to refiling once pro bono counsel is appointed in this case. Defendants may update their Motion, as appropriate, at the time they refile it. If the Court's Pro Bono Coordinator is unable to locate pro bono counsel to take on this case, Defendants must refile their Motion within 10 days of the filing of a notice on the docket that the Court was unable to locate pro bono counsel.

Turning to the motion to seal, the Court will grant it both because it is unopposed, *see* LR 7-4(d), and because Defendants have presented compelling reasons in it sufficient to keep Rodriquez's medical records under seal (ECF No. 23 at 1-3 (articulating these reasons)). *See also Laron v. Wright Med. Tech., Inc.*, 587 F. Supp. 3d 1065, 1071 (D. Nev. 2022) ("This Court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records, since medical records contain sensitive and private information about a person's health.") (citation omitted).

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 22) is denied, without prejudice to refiling as specified herein.

It is further ordered that Defendants' motion to seal (ECF No. 23) is granted.

DATED THIS 22nd Day of May 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE