# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jesus Rodriguez Rodriquez,

    Plaintiff(s),

vs.

Charles Daniels, *et al.*,

    Defendant(s).

2:22-cv-01651-MMD-MDC

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 40)**

With the apparent aid of an interpreter, plaintiff filed a *Motion for Reconsideration* ("Motion"). (ECF No. 40) of the Court's 7/21/25 Order (ECF No. 38) denying his request for copies of filings on the Court's docket. The Court also interprets plaintiff's Motion as a motion for clarification on how plaintiff may obtain copies of court filings. For the reasons stated below, the Court **DENIES** plaintiff's Motion as to reconsideration of the Court's 7/21/25 Order and **GRANTS** the Motion as to seeking clarification on obtaining copies.

**I.   ANALYSIS**

    **A.   PLAINTIFF FAILS TO SHOW RECONSIDERATION IS APPROPRIATE**

Federal Rule of Civil Procedure 60(1) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect[.]" Local Rule 59-l(a) states that motions for reconsideration, must state the, "[c]hanges in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." Reconsideration may be appropriate if the district court is presented with newly discovered evidence. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff's

Motion does not establish any grounds for reconsideration of the Court's 7/21/25 Order. Plaintiff does not show any mistake, inadvertence, surprise, or excusable neglect, changes in legal or factual circumstances, or newly discovered evidence. Accordingly, the Court declines to reconsider its 7/21/25 Order.

### B.    CLARIFICATION REGARDING OBTAINING COPIES OF FILINGS

"A document filed pro se is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court liberally construes plaintiff's Motion as a request for clarification regarding obtaining copies of filings. The Court's 7/21/25 Order stated that plaintiff received copies of Court filings from the law library at High Desert State Prison (where he is in custody) and, if he needs additional or replacement copies, he can request them from the High Desert State Prison law library. *Id*

In his Motion, plaintiff states that the Court did not elaborate how plaintiff may obtain copies from the High Desert State Prison law library. *See ECF No. 40*. In their *Opposition*, Defendants state that plaintiff may obtain copies of court filings – at his own expense - by submitting form "DOC 3064 --- Legal Copy Work Request" and "a DOC 509 'Brass Slip' to the High Desert State Prison Law Library Supervisor. *Defs' Opposition at 2, ECF No. 42*. Defendants also included a copy of form DOC 3064 --- Legal Copy Work Request as an exhibit to their *Opposition*, which the Court also attaches to this order for plaintiff's convenience.

//
//
//
//
//
//
//

## II. CONCLUSION & ORDER

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's Motion is **DENIED** in part and **GRANTED** in part as follows:

    a.    Plaintiff's Motion is **DENIED** as to reconsideration of the Court's 7/21/25 Order.

    b.    Plaintiff's Motion is **GRANTED** as to seeking clarification on obtaining copies. Plaintiff may obtain copies of court filings – at his own expense - by submitting form "DOC 3064 --- Legal Copy Work Request," a courtesy copy of which is attached to this order as **Exhibit A**, and "a DOC 509 'Brass Slip' to the High Desert State Prison Law Library Supervisor.

**DATED**: August 13, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

# EXHIBIT A

# NEVADA DEPARTMENT OF CORRECTIONS

## LEGAL COPY WORK REQUEST

DATE: _____

TO:  Law Library Supervisor

FROM: _____
           Inmate Name                    NDOC #           Institution & Unit

SUBJECT: LEGAL COPY WORK REQUEST

Is this request for new or current litigation? _____

If current, please provide the case number _____

Number of pages to be copied: _____

Number of copies of each page: _____

Total request cost ($0.10/page): _____

Brass slip # (DOC-509) attached: _____

Special Instructions: _____
_____
_____
_____
_____

_____        _____
Inmate Signature Upon Request               NDOC #

---

**To Be Completed by Institutional Law Library Operations Only:**

DENIED BY: _____        DATE: _____

IF DENIED, WHY? _____

APPROVED BY: _____        DATE: _____

BRASS SLIP ATTACHED (Circle One):  Y / N    METER START: _____    METER END: _____

DATE REQUEST COMPLETED AND RETURNED: _____

---

I RECEIVED THE ABOVE LEGAL COPY WORK, AND VERIFY IT IS COMPLETE.

_____    _____    _____
Inmate Signature Upon Receipt            NDOC #                 Date

DOC-3064 (Rev. 06/13)