**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jesus Rodriguez Rodriquez,

Plaintiff,

v.

Charles Daniels, et al.,

Defendants.

Case No. 2:22-cv-01651-MMD-NJK

**Order**

[Docket No. 66]

Pending before the Court is Plaintiff's motion to extend and reopen discovery deadlines. Docket No. 66. The Court has considered the motion and Defendants' response. Docket Nos. 66, 68. No reply or hearing is necessary.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1]

When a request for relief from a case management deadline is filed after the subject deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017) (addressing former Local Rule 26-4); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.[2]

Plaintiff proceeded throughout the bulk of this case *pro se*. *See* Docket. The instant motion is the first request since counsel has been appointed to represent him. *See* Docket No. 66. Prior to filing the motion, counsel made several unsuccessful attempts to meet and confer with Defendants' counsel. *Id.* at 2-3. Rather than responding to Plaintiff's counsel's attempts to meet and confer, Defendants filed a motion for summary judgment. *Id.* at 3. Defendants clarified in their response that their counsel purposely "has declined to extend Plaintiff's counsel any professional courtesies in this case" due to his determination that the Court-ordered settlement conference was "frankly wasteful" and his belief that "Plaintiff and his counsel refused to negotiate in good faith." Docket No. 68 at 2. The Court is troubled by defense counsel's position.

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

[2] The Ninth Circuit has at times stated the factors for consideration somewhat differently with respect to reopening discovery, including "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d. 1060, 1066 (9th Cir. 2017). Not all of the factors carry equal weight, however, and the Ninth Circuit has made clear repeatedly that a lack of diligence can be a critical deficiency. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (affirming denial of motion to reopen discovery based on lack of diligence); *see also Branch Banking*, 871 F.3d at 765 (concluding that lack of diligence is "on its own" sufficient to deny request to reopen case management deadline).

"Discovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (internal citation omitted). Counsel should strive to be cooperative, practical and sensible…" *Id.* (internal citation omitted). Refusal to extend professional courtesies to opposing counsel, particularly when combined with representations that counsel refused to respond to opposing counsel's attempts to speak with him, is inappropriate and unprofessional. The Court expects better from attorneys who appear before it.

The Court recognizes that the instant case is an older case. As the instant motion to reopen and extend discovery deadlines is the first request since counsel has entered the case, however, and counsel represents that Plaintiff was unable to complete discovery while unrepresented as he is "incarcerated, nearly blind, and unable to communicate in English," Docket No. 66 at 3, the Court will grant the motion.

Accordingly, for the reasons stated above, the Court **GRANTS** Plaintiff's motion to reopen and extend discovery deadlines. Docket No. 66. The Court **RESETS** the case management deadlines as follows:

- Initial experts: January 28, 2027
- Rebuttal experts: February 26, 2027
- Discovery cutoff: March 29, 2027
- Dispositive motions: April 28, 2027
- Joint proposed pretrial order: May 28, 2027, or 30 days after the resolution of dispositive motions

Due to the lengthy extension and age of this case, the Court is not inclined to extend these deadlines further. The parties must cooperate with each other and diligently engage in discovery.

IT IS SO ORDERED.

Dated: October 30, 2026

Nancy J. Koppe
United States Magistrate Judge